**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0738-22

CHEVAIS BROOKS,

    Plaintiff-Appellant,

v.

NEWPORT CENTRE MALL-NJ,
SIMON PROPERTY GROUP,
INC., and DENISON PARKING,

    Defendants-Respondents.

_____

Submitted January 15, 2025 – Decided January 21, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1421-20.

Brandon J. Broderick, LLC, attorneys for appellant (Paul A. Krauss, on the briefs).

Weiner Law Group, LLP, attorneys for respondents Newport Centre Mall-NJ and Simon Property Group, Inc. (Jason Mastrangelo, on the briefs).

Gaul, Baratta & Rosello, LLC, attorneys for respondent Denison Parking (Corey J. Gaul, on the brief).

PER CURIAM

In this personal injury matter, plaintiff Chevais Brooks appeals from various orders: denying her motions to amend discovery and extend the discovery end date (DED), granting summary judgment to defendants Simon Property Group, Inc., Newport Centre Mall, and Denison Parking, dismissing her complaint with prejudice, and denying reconsideration. After several discovery period extensions, plaintiff's complaint was dismissed without prejudice for her failure to provide discovery. Her complaint was reinstated with a new DED, and plaintiff attempted to serve expert medical and liability reports within the new DED period. The trial court barred the reports and denied her motion to extend discovery any further, finding plaintiff had not established exceptional circumstances. Later, without any expert testimony to establish the cause of plaintiff's injury or defendants' liability, the court granted summary judgment in favor of defendants and denied reconsideration.

We conclude, consistent with our decision in Hollywood Café Diner, Inc. v. Jaffee, 473 N.J. Super. 210 (App. Div. 2022), that the trial court should have applied an analysis of good cause, not exceptional circumstances, when evaluating plaintiff's last requested discovery extension, which affected her ability to serve her expert reports. As a result, we vacate the orders on appeal

2

and remand this matter to the trial court to determine whether good cause existed at the time plaintiff moved to extend the DED, and whether she should have been able to amend her discovery to provide the expert reports and reopen the discovery period.

I.

Because the procedural history is critical to the issues before us, we recount it in detail.  On April 8, 2020, plaintiff filed a complaint for personal injuries she allegedly sustained after she fell on a handicap accessible curb ramp ledge at Newport Centre Mall in August 2019 and suffered a fractured metatarsal of her right foot.

The initial discovery period was extended for sixty days through June 13, 2021.  Thereafter, discovery was extended by orders entered in June, September, and December 2021.  The December 3, 2021 order established a new DED of April 8, 2022, and scheduled arbitration for April 20, 2022.  This extension also required plaintiff to supply defendants with expert reports by February 18, 2022.

Although the December 3, 2021 order extended discovery through April 8, 2022, Newport and Simon moved on December 22, 2021 to dismiss plaintiff's complaint for failure to provide responses to their discovery demands.  Plaintiff

A-0738-22

did not oppose the motion. On January 7, 2022, the court dismissed plaintiff's complaint without prejudice.

The court granted plaintiff's motion to restore the complaint on March 18, 2022. The order extended the DED to June 8, 2022, but did not set a date for arbitration or trial.

After the accident, plaintiff received treatment from her physician, Dr. Marc Urquhart. On May 16, 2022, Dr. Urquhart informed plaintiff he no longer prepared narrative reports.

Therefore, on May 25, 2022, plaintiff moved to extend discovery to August 8, 2022 to "obtain and serve a narrative report relative to her ongoing treatment, as well as a liability expert report." Plaintiff certified that on August 27, 2021, she first requested a narrative report from Dr. Urquhart regarding his opinion as to whether her injury was causally related to the accident and whether she suffered any permanent residual injuries. Dr. Urquhart did not respond to this request until May 16, 2022 when he informed her he would not prepare a report.

Upon hearing from Dr. Urquhart, plaintiff scheduled an examination at Hudson Pro Orthopedics with Dr. Imran Ashraf. Plaintiff attempted to amend her interrogatories to serve Dr. Ashraf's narrative report, and a liability report

4

prepared by Himad Beg, an engineering expert, on June 1, 2022. Defendants opposed plaintiff's motion and moved to bar her late service of expert reports.

On June 10, 2022, the court denied plaintiff's motion to extend discovery for another sixty days and granted defendants' motions to bar plaintiff's late discovery amendments. Applying the exceptional circumstances standard, the court found there had already been 721 days of discovery, plaintiff had failed to explain why the expert reports had not been provided, and no exceptional circumstances existed to extend discovery pursuant to Rule 4:24-1(c).

On June 24, 2022, defendants moved for summary judgment. On June 30, plaintiff moved to reopen and extend discovery based on the "exceptional circumstance" that her treating physician refused to provide an expert report, forcing her to seek a report from another physician. The court denied plaintiff's motion.

On August 5, 2022, the court, relying on the prior orders and the finding that no exceptional circumstances existed to extend discovery, granted defendants summary judgment. Plaintiff's motion for reconsideration of both orders was denied on September 23, 2022.

A-0738-22

On appeal, plaintiff asserts the court erred in denying her motions to: extend the DED, allow the late amendment to discovery to serve her expert reports, and reopen discovery because she demonstrated exceptional circumstances. She further asserts the court erred in granting defendants summary judgment.

Since a trial court's discovery rulings are "entitled to substantial deference," we review for an abuse of discretion. DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005) (citing Payton v. New Jersey Tpk. Auth., 148 N.J. 524, 559, (1997)).

Rule 4:24-1(c) governs a party's obligations when requesting an extension of a DED. If the moving party seeks an extension of the DED before the discovery period ends, and before a trial or arbitration date has been set, the trial court shall grant the extension upon the showing of good cause. Tynes v. St. Peter's Univ. Med. Ctr., 408 N.J. Super. 159, 168 (App. Div. 2009). See also

Ponden v. Ponden, 374 N.J. Super. 1, 9-11 (App. Div. 2004) (reaffirming that if neither an arbitration nor trial date has been set then a discovery extension should be liberally granted, particularly for the purpose of submitting an expert report).

When the moving party seeks an extension after the discovery period has ended and after a trial or arbitration date has been set, the court may grant the extension only upon a showing of exceptional circumstances. Hollywood Café, 473 N.J. Super. at 217. The third circumstance occurs where the moving party seeks an extension of the DED before the discovery period ends, but after a trial or arbitration date has been set. As we concluded in Hollywood Café, in that circumstance, a trial judge shall grant an extension upon a showing of good cause. Id. at 220.

"[G]ood cause" as applied in Rule 4:24-1(c) is "a 'flexible term' without a fixed or definite meaning." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 480 (App. Div. 2012) (quoting Tynes, 408 N.J. Super. at 168). Courts analyze this "lenient" standard by considering the following factors:

> (1) the movant's reasons for the requested extension of discovery;
>
> (2) the movant's diligence in earlier pursuing discovery;

A-0738-22

(3) the type and nature of the case, including any unique factual issues which may give rise to discovery problems;

(4) any prejudice which would inure to the individual movant if an extension is denied;

(5) whether granting the application would be consistent with the goals and aims of "Best Practices";

(6) the age of the case and whether an arbitration date or trial date has been established;

(7) the type and extent of discovery that remains to be completed;

(8) any prejudice which may inure to the non-moving party if an extension is granted; and

(9) what motions have been heard and decided by the court to date.

[Ibid. (quoting Tynes, 408 N.J. Super. at 169-70).]

This standard differs from exceptional circumstances, which is a "more rigorous" standard requiring the movant to demonstrate:

(1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time;

(2) the additional discovery or disclosure sought is essential;

(3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and

8

> (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Hollywood Café, 473 N.J. Super. at 217 (emphasis omitted) (quoting Rivers, 378 N.J. Super. at 79).]

Here, the trial court mistakenly analyzed plaintiff's request for an extension under the exceptional circumstances standard. Plaintiff filed a motion to extend discovery on May 25, 2022, prior to the June 8, 2022 DED. Although there was a previous arbitration date of April 20, 2022, it became moot when the order reinstating the complaint and extending the DED to June 8, 2022, did not provide new dates for the furnishing of expert reports or set a new arbitration or trial date. Therefore, plaintiff timely moved for an extension of the DED within the discovery period and without a trial or arbitration date having been scheduled. The trial court should have analyzed the request under a good cause standard.

For the above reasons, we vacate the June 10, 2022 order to remand for a determination as to whether—considering the totality of these specific circumstances—plaintiff presented sufficient good cause to extend the DED past June 8, 2022, as of the date of her motion on May 25, 2022, and whether she should have been allowed to submit her expert reports on June 1, 2022.

As a result of this determination, we also vacate the orders entered after the June 10, 2022 order as the court relied on that order when addressing the motions to reopen discovery, allow the late amendments, and for summary judgment.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0738-22